# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FRANKFURT-TRUST INVESTMENT LUXEMBURG AG, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION |
| vs. | COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| UNITED TECHNOLOGIES CORPORATION, GREGORY J. HAYES, and AKHIL JOHRI, | DEMAND FOR JURY TRIAL |
| Defendants. |  |

Plaintiff FRANKFURT-TRUST Investment Luxemburg AG ("FT Lux" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges the following based on personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based upon the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Securities and Exchange Commission ("SEC") filings by United Technologies Corporation ("United Technologies" or the "Company"), as well as conference call transcripts and media and analyst reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## INTRODUCTION

1. This is a class action brought on behalf of all persons or entities who purchased or otherwise acquired the publicly traded securities of United Technologies between April 21, 2015 and July 20, 2015, inclusive (the "Class Period"). The action is brought against United Technologies and certain of the Company's senior executives (collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule l0b-5 promulgated thereunder.

2. Defendant United Technologies is a manufacturer and servicer of high-technology products, including aircraft components, elevators, escalators, air-conditioning units, and military-missile systems.

3. Throughout the Class Period, United Technologies issued and reaffirmed unfounded and inflated earnings guidance, primarily based on the planning assumptions in two of the Company's key business units: UTC Aerospace Systems ("UTAS") and Otis Elevator Co. ("Otis"). United Technologies ultimately acknowledged that these planning assumptions were not fully scrutinized and were far too aggressive.

4. The truth was finally revealed on July 21, 2015, when United Technologies cut its 2015 earnings guidance on the basis of weak performance by the UTAS and Otis units. During a related earnings conference call, Defendants revealed that, in their view, the assumptions relating to UTAS and Otis that formed the basis of the earnings guidance were "way too aggressive" and that the Company did not "dig deep enough" when the guidance was set.

5. On this news, United Technologies' stock dropped $7.77 per share, or 7.03 percent, to close at $102.71 per share on July 21, 2015.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**JURISDICTION AND VENUE**

7. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

9. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. §1391(b) as Defendants conduct business in this District, and a significant portion of the Defendant's actions, and the subsequent damages, took place within this District. In addition, United Technologies' stock traded on the New York Stock Exchange ("NYSE"), located within this District.

10. In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not

limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

11. Plaintiff FT Lux, as set forth in the accompanying Certification, which is incorporated by reference herein, purchased the common stock of United Technologies during the Class Period and was damaged as the result of Defendants' wrongdoing as alleged in this complaint.

12. Defendant United Technologies, together with its subsidiaries, manufactures and services high-technology products, including aircraft components, elevators, escalators, air conditioning units, and military missile systems, for customers around the world. The Company's stock is listed on the NYSE under the ticker symbol "UTX."

13. Defendant Gregory J. Hayes ("Hayes") is, and was throughout the Class Period, the President and Chief Executive Officer of United Technologies.

14. Defendant Akhil Johri ("Johri") is, and was throughout the Class Period, the Executive Vice President and Chief Financial Officer of United Technologies.

15. Defendants Hayes and Johri are collectively referred to hereinafter as the "Individual Defendants." The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of United Technologies' reports to the SEC, press releases, and presentations to securities analysts, money portfolio managers and institutional investors, *i.e.*, the market. Both Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified

herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

16. United Technologies and the Individual Defendants are referred to herein, collectively, as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

17. United Technologies manufactures and services high-technology products, including aircraft components, elevators, escalators, air-conditioning units, and military-missile systems, for customers around the world. The Company is organized into four businesses: (1) UTAS, its aerospace parts unit; (2) Otis, its elevator unit; (3) UTC Climate, Controls & Security, its heating and cooling systems unit; and (4) Pratt & Whitney, its aircraft engines unit.

18. UTAS provides aerospace parts and aftermarket service solutions for aircraft manufacturers, airlines, military customers, and business aviation companies. UTAS' operating profits account for approximately 25 percent of United Technologies' 2015 total operating profits.

19. Otis manufactures, installs, and services elevators and escalators around the world. Otis' operating profits account for approximately 40 percent of United Technologies' 2015 total operating profits.

20. On December 11, 2014, United Technologies held its December Investor and Analyst Meeting. During that meeting, Defendant Hayes issued United Technologies' 2015 earnings forecast range of $7.00 and $7.20 per share, falling short of analysts' estimates. Despite

the disappointing overall forecast, the Company expressed confidence in achieving the guidance, and supported their underlying assumptions in each business unit, including the UTAS and Otis units.

21. On January 26, 2015, United Technologies issued a press release in which it reported its full year 2014 financial results. In that same press release, the Company updated its earnings forecast from a range of 7.00 and $7.20 per share to $6.85 and $7.05 per share, but did so for reasons unrelated to the expected performance of UTAS and Otis. In fact, the Company affirmed that its forecasts with respect to these two business units were on track and realistic.

### Materially False and Misleading Statements Issued During the Class Period

22. The Class Period begins on April 21, 2015, when United Technologies issued a press release in which it announced its first-quarter 2015 financial results. In that same press release, United Technologies affirmed its earnings forecast range of $6.85 to $7.05 per share, maintaining the initial UTAS and Otis assumptions.

23. On April 24, 2015, United Technologies filed its Quarterly Report with the SEC on Form 10-Q for the quarterly period ended March 31, 2014, which was signed by Defendants Hayes and Johri. The Company's Form 10-Q reaffirmed the Company's financial statements and reports announced in the April 21, 2015 press release.

24. The statements contained in ¶¶ 22 and 23 were materially false and/or misleading when made because Defendants failed to disclose or indicate that United Technologies' earnings forecast relied on planning assumptions for the UTAS and Otis units that were not fully scrutinized and were far too aggressive.

### The Truth Emerges

25. The truth about Defendants' misconduct was finally revealed on July 21, 2015, when United Technologies issued a press release in which it announced its second-quarter 2015

financial results. In that same press release, United Technologies cut its 2015 earnings guidance completely below the low end of its previous forecasted range to a range of $6.15 and $6.30 per share.

26. On a related earnings call, analysts had trouble making sense of the surprising forecast cut. In response to analysts' questions, Defendant Hayes acknowledged that the assumptions underlying the guidance were "way too aggressive," stating in pertinent part:

> It's tough to get this bad news out, but quite frankly, as we closed out the second quarter and we met with the folks at UTAS and we met with the Otis team with Geraud and company, it became apparent that we weren't going to be able to hit the guidance numbers that we had laid out. Europe, we had expected a recovery there, up low single digits. It's going to be down low single digits. We continue to see pricing pressure in the Otis aftermarket in Europe. The slowdown in China is worse than what we had expected. And on the Aerospace Systems side, *we were way too aggressive in terms of our assumptions* for the provisioning of spare items.

27. On that same call, Defendant Hayes reiterated that the UTAS aftermarket provisioning assumptions were "way too aggressive," and even acknowledged that the assumptions lacked a "strong basis."

28. On this news, shares of United Technologies dropped $7.77 per share, or 7.3 percent, to close at $102.71 per share on July 21, 2015.

29. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired the securities of United Technologies between April 21, 2015 and July 20, 2015, inclusive (the "Class"). Excluded from the Class are Defendants, members of the immediate family of each of

6

the Individual Defendants, any subsidiary or affiliate of United Technologies, and the directors and officers of United Technologies and their families and affiliates at all relevant times.

31.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, United Technologies common stock was actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by United Technologies and/or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

34.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the Exchange Act was violated by Defendants as alleged herein;

(b)     whether statements made by Defendants misrepresented material facts about the business, operations and management of United Technologies; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

36. The market for United Technologies' securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, United Technologies' securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired United Technologies' securities relying upon the integrity of the market price of the Company's securities and market information relating to United Technologies, and have been damaged thereby.

37. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of United Technologies' securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. These statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about United Technologies' business, operations, and prospects as alleged herein.

38. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about United Technologies' financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

39. During the Class Period, as detailed herein, Defendants made false and misleading statements and engaged in a scheme to deceive the market and a course of conduct that artificially inflated the prices of United Technologies securities, and operated as a fraud or deceit on Class Period purchasers of United Technologies securities by misrepresenting the value and prospects for the Company's business, growth prospects, and accounting compliance. Later, when Defendants' prior misrepresentations and fraudulent conduct were disclosed to the market, the price of United Technologies securities fell precipitously, as the prior artificial inflation came out of the price. As a result of their purchases of United Technologies securities during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

## ADDITIONAL SCIENTER ALLEGATIONS

40. During the Class Period, as alleged herein, the Individual Defendants acted with scienter in that the Individual Defendants knew or were reckless as to whether the public documents and statements issued or disseminated in the name of the Company during the Class Period were materially false and misleading; knew or were reckless as to whether such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.

41. The Individual Defendants permitted United Technologies to release these false and misleading statements and failed to file the necessary corrective disclosures, which artificially inflated the value of the Company's stock.

42. As set forth herein, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding United Technologies, their control over, receipt, and/or modification of United Technologies' allegedly materially misleading statements and omissions, and/or their positions with the Company that made them privy to confidential information concerning United Technologies, participated in the fraudulent scheme alleged herein.

43. The Individual Defendants are liable as participants in a fraudulent scheme and course of conduct that operated as a fraud or deceit on purchasers of United Technologies securities by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme deceived the investing public regarding United Technologies' business, operations, and management and the intrinsic value of United Technologies securities and caused Plaintiff and members of the Class to purchase United Technologies securities at artificially inflated prices.

## INAPPLICABILITY OF STATUTORY SAFE HARBOR

44. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements were made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of United Technologies who knew that the statement was false when made.

## PRESUMPTION OF RELIANCE

45. Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a) Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b) the omissions and misrepresentations were material;

(c) the Company's stock traded in an efficient market;

(d) the misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

11

(e) Plaintiff and other members of the Class purchased United Technologies securities between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

46. At all relevant times, the markets for United Technologies securities were efficient for the following reasons, among others:

(a) as a regulated issuer, United Technologies filed periodic public reports with the SEC;

(b) United Technologies regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the major news wire services and through other wide-ranging public disclosures, such as communications with the financial press, securities analysts, and other similar reporting services;

(c) United Technologies was followed by several securities analysts employed by major brokerage firm(s) who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firm(s) and that were publicly available and entered the public marketplace; and

(d) United Technologies common stock was actively traded in an efficient market, namely the NYSE, under the ticker symbol "UTX."

47. As a result of the foregoing, the market for United Technologies securities promptly digested current information regarding United Technologies from all publicly available sources and reflected such information in United Technologies' stock price. Under these circumstances, all purchasers of United Technologies securities during the Class Period suffered

similar injury through their purchase of United Technologies' securities at artificially inflated prices and the presumption of reliance applies.

48.     Further, to the extent that the Exchange Act Defendants concealed or improperly failed to disclose material facts with regard to the Company, Plaintiff is entitled to a presumption of reliance in accordance with *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153 (1972).

## COUNT I

### For Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Against All Defendants

49.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.     During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

51.     Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 in that they:

   (a)     Employed devices, schemes, and artifices to defraud;

   (b)     Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   (c)     Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of United Technologies securities during the Class Period.

52. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for United Technologies securities. Plaintiff and the Class would not have purchased United Technologies securities at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

53. As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of United Technologies securities during the Class Period.

## COUNT II

### For Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of United Technologies within the meaning of Section 20(a) of the Exchange Act. By virtue of their positions and their power to control public statements about United Technologies, the Individual Defendants had the power and ability to control the actions of United Technologies and its employees. By reason of such conduct, Defendants are liable pursuant to Section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.       Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.       Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.       Awarding rescission or a rescissory measure of damages; and

E.       Awarding such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 12, 2017                           Respectfully submitted,

**LABATON SUCHAROW LLP**

 /s/ Christopher J. Keller
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Emails: ckeller@labaton.com
            ebelfi@labaton.com
            fmcconville@labaton.com

*Attorneys for FRANKFURT-TRUST Investment Luxemburg AG*

15

## CERTIFICATION

We, Monika Anell and Stephan Tiemann, in the name and on behalf of FRANKFURT-TRUST Investment Luxemburg AG ("FT Lux") and its Funds, hereby certify as follows:

1. We are authorized signatories of FT Lux, which is a mutual fund management company established pursuant to Luxembourg law. FT Lux has full and complete authority and discretion to purchase and sell securities for its Funds, and to act as attorney-in-fact for the Funds with full and exclusive power to bring suit for the Funds' investment losses, including serving as lead plaintiff in this action;

2. We have reviewed a complaint prepared against United Technologies Corporation ("UTX") alleging violations of the federal securities laws;

3. FT Lux, through its Funds, purchased securities of UTX during the relevant Class Period, but not at the direction of counsel or in order to participate in any private action under the federal securities laws;

4. FT Lux is willing to serve as a lead plaintiff and representative party in this matter, including providing testimony at deposition and trial, if necessary;

5. FT Lux understands that, if appointed lead plaintiff or representative party in this action, it will be subject to the jurisdiction of the Court and will be bound by all rulings of the Court, including rulings regarding any judgments;

6. FT Lux's transactions in UTX securities during the Class Period are reflected in Exhibit A, attached hereto;

7. FT Lux sought to serve as a lead plaintiff in the following class action under the federal securities laws filed during the last three years:

*Electrical Workers Pension Fund, Local 103, International Brotherhood of Electrical Workers v. Kingsley,* No. 1:16-cv-12101 (D. Mass.)



8.  Beyond its pro rata share of any recovery, FT Lux will not accept payment for serving as a lead plaintiff and representative party on behalf of the Class, except the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

We declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this __2__ day of __May__, 2017.

FRANKFURT-TRUST Investment Luxemburg AG

_____    _____
Monika Anell                                              Stephan Tiemann
Managing Director                                    Head of FT Lux Legal Department

2



## EXHIBIT A

### TRANSACTIONS IN UNITED TECHNOLOGIES CORPORATION

**Transactions: BHFTR1**

| Transaction Type | Trade Date | Shares | Price Per Share | Cost / Proceeds |
|---|---|---|---|---|
| Purchase | 07/07/15 | 16,000.00 | $109.48 | ($1,751,602.82) |

**Transactions: BHFTR10**

| Transaction Type | Trade Date | Shares | Price Per Share | Cost / Proceeds |
|---|---|---|---|---|
| Purchase | 07/09/15 | 1,950.00 | $110.09 | ($214,672.96) |

**Transactions: BHFTR8**

| Transaction Type | Trade Date | Shares | Price Per Share | Cost / Proceeds |
|---|---|---|---|---|
| Purchase | 06/17/15 | 400.00 | $115.03 | ($46,011.91) |
| Purchase | 06/29/15 | 1,500.00 | $112.88 | ($169,323.67) |

**Transactions: BHFTR9**

| Transaction Type | Trade Date | Shares | Price Per Share | Cost / Proceeds |
|---|---|---|---|---|
| Purchase | 07/07/15 | 1,900.00 | $109.68 | ($208,398.82) |

